**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATALIE NADIRA JOHN, ) | CV 18-8664-RSWL-JEM |
| ) | |
|                Plaintiff, ) | |
| ) | **ORDER re: Defendant's** |
|    v. ) | **Motion to Strike** [11] |
| ) | |
| ) | |
| AIG PROPERTY CASUALTY ) | |
| COMPANY GROUP, INC. UNKNOWN ) | |
| FORM OR RESIDENCE, ) | |
| ) | |
|                Defendant. ) | |
| ) | |
| ) | |
| ) | |

Currently before the Court is Defendant AIG Property Casualty Company Group, Inc.'s ("Defendant") Motion to Strike [11] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion.

///

///

1

# I. BACKGROUND

## A.  Factual Background

On or about March 25, 2018, Plaintiff Natalie Nadira John ("Plaintiff") was involved in a car accident with two other vehicles, allegedly causing third party losses over $150,000 in property and personal injury damages.  First Am. Compl. ("FAC") ¶¶ 13-15, ECF No. 10.  Plaintiff alleges that at all relevant times, her car was covered by Policy No. 0013913512 (the "Policy"), entered into by Defendant and Plaintiff.  Id. ¶¶ 5-6.  Plaintiff alleges she paid all premiums due under the Policy.  Id. ¶ 7.  Shortly after the accident, Plaintiff contacted an agent of Defendant to make a claim for the losses.  Id. ¶ 16. After several requests for coverage, Defendant advised Plaintiff it had rejected coverage of her claims.  Id. ¶¶ 17-18.  Plaintiff alleges that Defendant represented to Plaintiff it would honor her claims in return for maintaining her Policy and continuing to make premium payments, and by denying coverage, Defendant has breached a duty of good faith and fair dealing.  Id. ¶ 18.

## B.  Procedural Background

Plaintiff filed her Complaint [1-2] in Los Angeles County Superior Court on September 5, 2018.  Defendant removed this Action to this Court pursuant to diversity jurisdiction on October 9, 2018 [1].  Plaintiff filed a First Amended Complaint [10] on October 22, 2018.

Defendant filed the instant Motion to Strike [11] on October 31, 2018. Plaintiff filed her Opposition [13] late on November 25, 2018. Defendant filed a Reply [14] on November 28, 2018.

## II. DISCUSSION

### A. Legal Standard

The Court may strike a pleading that contains "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Matters are "immaterial" if they have "no essential or important relationship to the claim for relief or the defenses being pleaded" and "impertinent" if they "do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994). Matters are "scandalous" if they "cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Whether to grant a motion to strike lies within the sound discretion of the district court. Fantasy, 984 F.2d at 1528. "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." Estate of

*Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (citation omitted). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (citation omitted). "Moreover, when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader." *Id.* (quoting *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

**B.  Discussion**

　　1.  *Plaintiff's Late-Filed Opposition*

Pursuant to Local Rule 7-9, Plaintiff was required to file her Opposition no later than twenty-one days prior to the hearing on Defendant's Motion. Plaintiff's Opposition was therefore due by November 13, 2018, but Plaintiff did not file her Opposition until November 26, 2018. Defendant, in addressing Plaintiff's late-filed Opposition, argues that the Court should disregard the Opposition. However, Defendant does not explain how it was prejudiced by this late filing. In light of this, and "based on the law's strong preference to determine cases on their merits," *Summer v. Berryhill*, No. 16-cv-01872-BLF, 2017 U.S. Dist. LEXIS 109841, at *9 (N.D. Cal. July 14, 2017), the Court will exercise its discretion to consider the late-filed Opposition and rule on the

merits of Defendant's Motion.

2.   *Paragraph 22*

Defendant seeks to strike Plaintiff's allegation in Paragraph 22 of the FAC that there are "numerous other individuals and groups insured by Defendant who were or are similarly situated to Plaintiff" and who, upon learning the names of these individuals, "Plaintiff will seek leave of court to join such persons as Plaintiffs in this action." FAC ¶ 22. Defendant argues that this is a putative "class" allegation that lacks any connection to Plaintiff's dispute with Defendant. In a putative class action, a party may preemptively move to strike class allegations before the plaintiff has requested class certification. Tietsworth v. Sears, Roebuck and Co., 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). The Court may strike class allegations if "the complaint demonstrates that a class action cannot be maintained" because the class is unascertainable, or because the plaintiff cannot satisfy the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure. Id. It is well established that Rule 23(a) of the Federal Rules of Civil Procedure places the burden on the party seeking class certification to establish "numerosity," "commonality," "typicality," and "adequacy of representation." Fed. R. Civ. P. 23(a); see also Clark, 231 F.R.D. at 407 (citing Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1309 (9th Cir.

1977)).

Here, Plaintiff does not bring her claim as a class action and did not argue that this allegation should be treated as a class allegation, let alone mention Paragraph 22 in her Opposition. Nor does Plaintiff specifically identify who the alleged "similarly situated" parties are and how they are "similarly situated" to Plaintiff's set of facts. Because the allegation in Paragraph 22 does not plead facts for any of the required elements of Rule 23, it is insufficient to survive a motion to strike. Cf. Clark, 231 F.R.D. at 407 (finding class allegations sufficient to withstand a motion to strike because they address each element of Rule 23 and are not redundant, immaterial, or impertinent). In addition to being conclusory, Plaintiff's allegation is immaterial as it provides no facts showing how the unidentified individuals relate to Plaintiff's specific policy, or the facts surrounding Plaintiff's accident and denial of coverage for her claims. Accordingly, the Court **GRANTS** Defendant's Motion to strike Paragraph 22.

3. *Punitive Damages*

The Court may only strike from a pleading material that is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). Notwithstanding this, Defendant argues that Plaintiff's claim and prayer for punitive

damages should be stricken because corporations cannot
be responsible for punitive damages as a matter of law,
and Plaintiff's allegations lack sufficient facts to
warrant punitive damages. Defendant's argument appears
to be an attempt to have portions of Plaintiff's
complaint dismissed for lack of a legal basis, an
action better suited for a Rule 12(b)(6) motion. See
id. at 974 ("Rule 12(f) does not authorize district
courts to strike claims for damages on the ground that
such claims are precluded as a matter of law."). As
Defendant's motion fits none of the categories of a
proper Rule 12(f) motion, the Court is precluded from
striking Plaintiff's prayer for punitive damages. See
Won Kyung Hwang v. Ohso Clean, Inc., No. C-12-06355
JCS, 2013 WL 1632697, at *22 (N.D. Cal. Apr. 16, 2013)
("Although . . . the challenge here is based on
[p]laintiff's failure to allege specific facts—rather
than the argument that punitive damages are barred as a
matter of law, as in Whittlestone—Defendants do not
cite any authority supporting the proposition that
failure to support a claim for damages with specific
facts falls within the ambit of Rule 12(f). . . .").

Because the substantive arguments Defendant
provides as to punitive damages could properly be
asserted in a Rule 12(b)(6) motion to dismiss, the
Court can construe Defendant's Motion as a Rule
12(b)(6) motion. See Perez v. Auto Tech. Co., No. CV
13-06728 MMM (VBKx), 2014 WL 12591254 (C.D. Cal. Feb.

2014); <u>Oracle Corp. v. DrugLogic, Inc.</u>, 807 F. Supp. 2d
885, 896 (N.D. Cal. 2011) ("Where a motion is in
substance a motion to dismiss but is improperly labeled
a motion to strike, the court may convert it to a
motion to dismiss.").  Because Plaintiff's Opposition
addressed the legal basis for its punitive damages
claim, showing that she had the opportunity to respond
to Defendant's substantive arguments, the Court now
decides Defendant's Motion as a 12(b)(6) motion on the
present briefing.  <u>Cf.</u> <u>Perez</u>, 2014 WL 12591254, at *4
(construing a Rule 12(f) motion as a 12(b)(6) motion,
but refraining from deciding on the briefing because
the opposition did not address the legal basis).

A plaintiff may recover punitive damages where a
defendant acted with "oppression, fraud, or malice."
Cal. Civ. Code § 3294.  Plaintiff's allegations merely
state in conclusory language that "the actions of
Defendants were sufficient to constitute malice,
oppression, or fraud."  FAC ¶ 26.  Plaintiff alleges
that Defendant did not "investigate, communicate,
provide coverage and provide a prompt settlement," <u>id.</u>,
but does not allege any facts demonstrating intentional
misrepresentation or misconduct.  <u>L & S Enters. v.
Sentinel Ins. Co.</u>, No. EDCV 16-1841-SVW-SPX, 2016 WL
10592208, at *2 (C.D. Cal. Oct. 24, 2016) (dismissing
request for punitive damages when the complaint did not
contain "any allegations of intentional
misrepresentations or intentional misconduct").  While

Plaintiff alleges that the Policy covers her losses, she fully paid her invoice, and that she was denied coverage without an explanation, <u>see</u> FAC ¶¶ 13-20, these allegations alone are insufficient to constitute oppression, fraud, or malice. Consequently, the Court **GRANTS** Defendant's Motion as a 12(b)(6) Motion to Dismiss Plaintiff's claim for punitive damages.

A plaintiff may amend the complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." <u>Id.</u> "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations and citation omitted). Because the Court construes Defendant's Motion as a 12(b)(6) Motion to Dismiss Plaintiff's claim for punitive damages, and that Plaintiff's largest problem is that she fails to plead sufficient facts for her claim for punitive damages, there is a chance that amendment will cure these deficiencies. Accordingly, the Court **GRANTS LEAVE TO AMEND** as to Plaintiff's claim for punitive damages.

///

///

///

### III. CONCLUSION

Based on the foregoing, the Court (1) **GRANTS** Defendant's Motion to Strike Paragraph 22 of the FAC; (2) construes Defendant's Motion to Strike Plaintiff's claim for punitive damages as a Rule 12(b)(6) Motion to Dismiss, and **GRANTS** Defendant's 12(b)(6) Motion; and (3) **GRANTS LEAVE TO AMEND** as to Plaintiff's claim for punitive damages only. Plaintiff shall have 21 days from this date to file her Second Amended Complaint.

**IT IS SO ORDERED.**

DATED: January 4, 2019      s/ RONALD S.W. LEW
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge