O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATALIE NADIRA JOHN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AIG PROPERTY CASUALTY COMPANY GROUP, INC. UNKNOWN FORM OR RESIDENCE,<br><br>　　　　Defendant. | CV 18-8664-RSWL-JEM<br><br>**ORDER re: Defendant's Applications for Default Judgment Against Third-Party Defendants Arta Balaj** [40] **and Kamille Ella Brisick** [41] |

　　　Currently before the Court is Defendant and Third-Party Plaintiff AIG Property Casualty Company Group, Inc.'s ("Defendant") Applications for Default Judgment Against Third-Party Defendants Arta Balaj [40] and Kamille Ella Brisick [41] ("Applications"). Having reviewed all papers submitted pertaining to the Applications, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **DENIES** Defendant's Applications.

1

## I. BACKGROUND

**A.** <u>**Factual Background**</u>

Plaintiff Natalie Nadira John ("Plaintiff") brings this Action against Defendant for breach of contract claims regarding the denial of automobile insurance coverage. On or about March 25, 2018, Plaintiff was involved in a car accident with two other vehicles, allegedly causing third party losses over $150,000 in property and personal injury damages. First Am. Compl. ("FAC") ¶¶ 13-15, ECF No. 10. Plaintiff allegedly ran into two parked cars, one owned by Balaj (a 2015 Dodge Charger) and one owned by Brisick (a 2015 Mercedes Benz). Third-Party Compl. ¶ 12, ECF No. 22.

Plaintiff alleges that at all relevant times, her car was covered by Policy No. 0013913512 (the "Policy"), entered into by Defendant and Plaintiff. Compl. ¶¶ 5-6. Plaintiff alleges she paid all premiums due under the Policy. <u>Id.</u> ¶ 7. Shortly after the accident, Plaintiff contacted an agent of Defendant to make a claim for the losses, including coverage for Balaj and Brisick's claims against her for hitting their parked cars. <u>Id.</u> ¶ 16; Third-Party Compl. ¶ 13. After several requests for coverage, Defendant advised Plaintiff it had rejected coverage of her claims. Compl. ¶¶ 17-18. Defendant alleges that it denied Plaintiff's claims because the Policy had been cancelled for nonpayment of premiums. Third-Party Compl. ¶ 13. Plaintiff alleges that Defendant

represented to Plaintiff it would honor her claims in return for maintaining her Policy and continuing to make premium payments, and by denying coverage, Plaintiff further alleges that Defendant has breached a duty of good faith and fair dealing. Id. ¶ 18.

**B.  Procedural Background**

Plaintiff filed her Complaint [1-2] in Los Angeles County Superior Court on September 5, 2018. Defendant removed this Action to this Court pursuant to diversity jurisdiction on October 9, 2018 [1]. Plaintiff filed a First Amended Complaint [10] on October 22, 2018. Defendant filed a Motion to Strike [11] on October 31, 2018, which the Court granted on January 4, 2019 [16]. Plaintiff filed a Second Amended Complaint [17] on January 31, 2019, pursuant to the Court's Order.

On February 28, 2019, Defendant filed a Third-Party Complaint against Balaj and Brisick [22], seeking declaratory relief that there is no coverage under the Policy for Balaj and Brisick's claims. Defendant served Brisick with the Third-Party Complaint on March 19, 2019 [29], and Balaj on March 26, 2019 [28]. On May 31, 2019, the Court Clerk entered default against Balaj and Brisick [38, 39]. On July 1, 2019, Defendant filed the instant Applications for Default Judgment [40, 41].

///

///

///

**II. DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment. Pursuant to Local Rule 55-1, the party moving for default judgment must submit a declaration establishing: (1) when and against which party default was entered; (2) on which pleading default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) proper service. Upon default, all factual allegations in the complaint, except those relating to damages, are assumed to be true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion to grant default judgment, the court must consider the following factors (the "Eitel factors"): (1) possibility of prejudice to the plaintiff, (2) merits of the substantive claim, (3) sufficiency of the complaint, (4) sum of money at stake, (5) possibility of disputes regarding material facts, (6) whether excusable neglect caused the default, and (7) the strong policy favoring decisions on the merits. NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Additionally, if the defaulting party failed to plead or otherwise

defend, the court must determine that it has subject matter and personal jurisdiction. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). When default judgment is granted, the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**B.  Discussion**

Defendant seeks judgment declaring that there is no coverage under the Policy for Balaj and Brisick's claims for damage arising from or in any way related to the March 25, 2018 accident that is the subject of this Action. Third-Party Compl. ¶ 17.

"Where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). Courts have consistently held that where "a complaint alleges [the] defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." See, e.g., Nielson v. Chang, 253 F.3d 520, 532 (9th Cir. 2001). "While this common law rule was originally limited to jointly-liable co-defendants, in recent years, the Ninth Circuit has extended the rule to encompass 'similarly situated' parties." Guotai USA, Company,

5

Ltd. v. J&Company, LLC, No. 2:16-cv-06948-ODW (PLA), 2017 WL 1740014, at * 3 (C.D. Cal. May 3, 2017) (citing Garamendi v. Henin, 683 F.3d 1069, 1082-83 (9th Cir. 2012)). Thus, this analysis turns "not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint," the outcome is uniform. See United Fabrics Int'l Inc. v. Life N Style Fashions, Inc., No. 2:15-cv-05733-ODW (Ex), 2015 U.S. Dist. LEXIS 158140, *3-4, 2015 WL 7454512 (C.D. Cal. Nov. 23, 2015) (citation omitted).

Here, Defendant's third-party claim for declaratory relief depends on the merits of Defendant's allegation that the Policy was cancelled. The scarcely pled Third-Party Complaint alleges that an "actual controversy has arisen and now exists" between Defendant and Balaj and Brisick as to their third party losses, but that Defendant has no duty over such losses because the Policy was cancelled due to non-payment of premiums. Third-Party Compl. ¶¶ 15-16. Yet, Plaintiff's claims set forth in her Second Amended Complaint ("SAC") allege that she paid all premiums due under the Policy and instead argues that Defendant unjustifiably denied coverage of her losses, including the third-party losses. SAC ¶¶ 7, 10, ECF No. 17. Thus, Plaintiff and Third-Party Defendants Balaj and Brisick are similarly situated with respect to coverage under the Policy, and a declaration that Defendant is

not liable for Balaj and Brisick's loss because the Policy was cancelled may impact Plaintiff's claims or ability to recover against Defendant.

At this early stage of litigation, the Court cannot say that Defendant's third-party claim is meritorious as pled because there is a dispute between Defendant and Plaintiff as to the status of the Policy and payments made. As such, the Court finds that default judgment is not appropriate at this juncture and **DENIES** Defendant's Applications for Default Judgment.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Applications for Default Judgment against Third-Party Defendants Arta Balaj and Kamille Ella Brisick.

**IT IS SO ORDERED.**

DATED: August 6, 2019

                                    **/s/ RONALD S.W. LEW**

                                    **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge